IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:14-CR-9-FL-2
No. 7:16-CV-315-FL

| | | |
|---|---|---|
| VERONICA KEMP, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255 (DE 183), in which petitioner challenges the calculation of her sentence in light of an amendment to United States Sentencing Guidelines Manual ("U.S.S.G.") § 3B1.2. Also before the court is the government's motion to dismiss, made pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 193). The issues raised are ripe for ruling. For the reasons that follow, the court denies petitioner's motion to vacate and grants the government's motion to dismiss.

**BACKGROUND**

On June 12, 2014, petitioner pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 841 and 846. On June 10, 2015, petitioner was sentenced to 120 months imprisonment. Petitioner did not appeal her judgment. On September 7, 2016, petitioner filed the instant motion to vacate under 28 U.S.C. § 2255, arguing that a recent guidelines amendment to § 3B1.2 should retroactively apply to lower her guidelines range. In its motion to dismiss, the government argues

that petitioner's motion should be dismissed because the claim is not cognizable on collateral review.[1]

## COURT'S DISCUSSION

A.  Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." § 2255(b).

B.  Analysis

"Barring extraordinary circumstances, an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding." United States v. Foote, 784 F.3d 931, 940 (4th Cir. 2015) (quotations omitted). "Section 2255 provides relief for cases in which the sentence was in excess of the maximum authorized by law." (Id.). "Thus, while § 2255 applies to violations of statutes establishing maximum sentences, it does not usually apply to errors in the application of the Sentencing Guidelines." (Id.).

Here, where petitioner was sentenced within the maximum authorized by law, life imprisonment, petitioner's claim that the court should have applied a minor role reduction under the

---

[1] The court notes that petitioner's claim is also barred by the waiver in her plea agreement, but the government has waived dismissal on this basis by not raising waiver in its motion to dismiss. See United States v. Metzger, 3 F.3d 756, 757 (4th Cir. 1993).

2

guidelines is not cognizable on collateral review. Moreover, petitioner's suggestion that an amendment to the guidelines, Amendment 794, amending U.S.S.G. § 3B1.2 ("Mitigating Role"), is retroactively applicable on collateral review is without merit. Only those amendments listed in § 1B1.10 are retroactively applicable to provide a reduction in term of imprisonment, pursuant to a proceeding under 18 U.S.C. § 3582(c). See U.S.S.G. § 1B1.10(a)(1) & (d). Where Amendment 794 is not one of such listed amendments, the court lacks jurisdiction to amend petitioner's term of imprisonment based on Amendment 794. Accordingly, petitioner's § 2255 claim must be dismissed.

C. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court DENIES petitioner's motion to vacate (DE 183) and GRANTS the government's motion to dismiss. (DE 193). The court DENIES a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 2nd day of February, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge